UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL KAISER,

        Plaintiff,

    v.

WASHINGTON STATE SUPREME
COURT et al.,[1]

        Defendants.

CASE NO. 2:26-cv-00114-JHC

ORDER

# I

## INTRODUCTION

This matter comes before the Court on Defendants' motions to dismiss.  Dkt. ## 21 & 23. The Court has considered the materials filed in support of and in opposition to the motions, pertinent portions of the record, and the applicable law.  Being fully advised, for the reasons

[1] Defendants here, as named by Plaintiff, are: the Washington Supreme Court itself and its individual justices Debra L. Stephens, Charles W. Johnson, Barbara Madsen, Steven C. González, Sheryl Gordon McCloud, Raquel Montoya-Lewis, G. Helen Whitener, Salvador A. Mungia, and Colleen Melody (the Supreme Court Defendants); and the Washington State Bar Association (WSBA) itself and its officers Executive Director Terra Nevitt, Board of Governors President Francis Adewale, Director of Regulatory Services Renata De Carvalho Garcia, Managing Director of Regulatory Services Cathy Biestek, and Director of the Office of Disciplinary Counsel Doug Ende (the WSBA Defendants).

ORDER - 1

below, the Court GRANTS the motions, DISMISSES Plaintiff's complaint without prejudice, and GRANTS him leave to amend.

## II

### BACKGROUND

Plaintiff alleges the following in the complaint. He graduated from law school in 2007 and applied for admission to the state bar in 2009. Dkt. # 1 ¶¶ 118, 133, 141. He submitted a motion for admission to practice without a character and fitness hearing, which the WSBA's Character and Fitness Board (the Board) "summarily dismissed" at the beginning of that hearing. *Id.* ¶¶ 136, 138. At the time, the Board recommended his application for admission be denied. *Id.* ¶ 161. In Washington state, the state Supreme Court decides on applications for admission upon Board recommendation. *See* APR 2(a)(4)(B), APR 5(j). If the Board recommends denial, an applicant may request Washington Supreme Court review. APR 24.2(b)(2). Plaintiff does not allege that he sought review of the Board's recommendation by the Washington Supreme Court.

This is Plaintiff's second lawsuit with similar allegations. In 2020, he filed a complaint against the same Defendants concerning their bar admission practices. *Id.* ¶ 164. That complaint, as here, broadly challenged the character and fitness assessment and the bar examination. *Id.* ¶ 164. But after the parties fully briefed the motion to dismiss, Plaintiff voluntarily dismissed the suit. *Id.* ¶ 170.

Plaintiff's complaint is not organized into causes of action, but it appears that he asserts four groups of facts to support his claims for relief. First, he alleges that the Washington Supreme Court engages in improprieties like the practice of appointing new justices upon the retirement of prior justices. *Id.* ¶¶ 31–63. Second, he alleges that the WSBA has been involved in controversy and makes allegations regarding several such incidents. *Id.* ¶¶ 64–99. Third, he

ORDER - 2

alleges that the WSBA's attorney-discipline methodology is not operating effectively. *Id.* ¶¶ 100–11. Fourth, he alleges that the WSBA's attorney licensure process suffers from various defects. *Id.* ¶¶ 112–260. In this section of the complaint, Plaintiff: (1) details the events surrounding his 2009 application, *id*. ¶¶ 113–62, and 2020 lawsuit, *id*. ¶¶ 163–70; (2) describes and criticizes the Task Force's proposal for bar exam alternatives, *id*. ¶¶ 171–89; (3) indicates he has "decided" to apply for admission once again, though does not allege that he has applied or has any concrete plans to do so, *id*. ¶¶ 190–201; (4) alleges various problems with WSBA's evaluation of character and fitness as a precondition to licensure, *id*. ¶¶ 202–28; and (5) alleges that certain questions on the bar admissions application have an age-discriminatory effect, *id*. ¶¶ 229–60.

Plaintiff gestures at several federal and state laws. He invokes the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, *id.* ¶¶ 235, 287–89; the Washington Law Against Discrimination, RCW 49.44.090, 49.60.200, *id.* ¶¶ 239, 290–92; the Constitution's Fourteenth Amendment, *id.* ¶¶ 247, 293; 42 U.S.C. § 1983, *id.* ¶ 273; and the privileges and immunities clause of Washington's state constitution, art. 1 § 12, *id.* ¶ 296. For relief, Plaintiff requests that "the Court appoint a monitor to oversee the WA Supreme Court and WSBA's regulation of Washington's legal apparatus[.]" *Id*. at 69.

Defendants now move to dismiss the complaint, contending principally that the complaint fails to invoke federal jurisdiction and fails to state a claim. *See* Dkt. # 21 (Supreme Court Defendants), Dkt. # 23 (WSBA Defendants).

## III

### DISCUSSION

A.    Procedural Standards

Federal Rule of Civil Procedure 12(b)(1) governs a motion to dismiss for lack of jurisdiction.  "Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law."  *Ohm v. California Nat. Res. Agency*, 2026 WL 95508, at *2 (E.D. Cal. Jan. 13, 2026).  The party asserting jurisdiction bears the burden of establishing it.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  But "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed R. Civ. P. 12(h)(3).

Federal Rule of Civil Procedure 12(b)(6) governs a motion to dismiss for failure to state a claim upon which relief may be granted.  When considering such motions, the Court construes the complaint in the light most favorable to the nonmoving party.  *Livid Holdings Ltd.*, 416 F.3d 940, 946 (9th Cir. 2005).  The Court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff.  *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).  But a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'"  *In re Gilead Scis. Sec. Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing

ORDER - 4

*Twombly*, 550 U.S. at 556).  Dismissal is proper only if the plaintiff has not alleged a "cognizable legal theory" or there is an "absence of sufficient facts alleged to support a cognizable legal theory."  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

B.      Analysis

Plaintiff fails to establish standing because he does not sufficiently allege any injury. Absent standing, Plaintiff fails to invoke this Court's jurisdiction.

Article III of the Constitution "confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'"  *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citing U.S. Const. art. III. § 2, cl. 1).  It "limits the power of the federal courts to decide cases and controversies where plaintiffs can demonstrate a sufficient 'personal stake' in the outcome." *Kikkert v. Trump*, 2025 WL 2799545, at *2 (W.D. Wash. Oct. 1, 2025) (citing *TransUnion*, 594 U.S. at 423).  This personal stake is standing.  *Id.*  To establish standing, a plaintiff must show: (i) that they suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (citations omitted).

To the first element, Plaintiff must show an injury-in-fact, which is "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical."  *Id.* at 560 (citation modified).  Injury-in-fact is the "first and foremost of standing's three elements."  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quotation marks omitted).  "'[A]llegations of possible future injury' are not sufficient."  *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quoting *Whitmore v. Arkansas*, 495 U.S. 159, 158 (1990)).

ORDER - 5

Plaintiff does not allege an injury-in-fact. He does not allege that he has applied for admission and been rejected. Instead, he alleges only that he "has decided again to attempt attorney licensure." Dkt. # 1 ¶ 191. This is the only allegation in the complaint regarding any current application for bar admission. He does not allege that he has applied. By itself, this cannot establish injury, because the claimed injury is admittedly "hypothetical." *Lujan*, 504 U.S. at 560. *Cf. Davis v. Nahmias*, 2025 WL 1144707 *3 (11th Cir. April 18, 2025) (affirming district court order dismissing complaint where formerly licensed attorney, challenging state's bar admission practices, had not actually reapplied for admission).[2] And Plaintiff's complaints with the succession procedures of justices of the Washington Supreme Court, Dkt. # 1 ¶¶ 33–63, and the WSBA's supposed controversy and corruption, *id.* ¶¶ 64–99, are similarly unavailing. He alleges no injury to himself in those succession procedures or in the WSBA's allegedly notorious conduct. These complaints thus amount to "only a generally available grievance about government" whereby he "seek[s] relief that no more directly and tangibly benefits him than it does the public at large." *Lujan*, 504 U.S. at 573–74.

Plaintiff says that he may launch a preemptory lawsuit to challenge future state actions, such as an eventual rejection of any bar admission application. Dkt. # 27 at 13, 18–21. He cites *Whole Women's Health v. Jackson*, 595 U.S. 30 (2021), but that case did not address how likely a future injury must be to satisfy the requirements of standing. Rather, the petitioners in that case had "plausibly alleged that" the challenge state law had "already had a direct effect on their day-to-day operations." *Id.* at 47. Plaintiff also alludes to pre-enforcement injury, whereby he should be permitted to sue to enjoin state enforcement against him. Dkt. # 27 at 18–19. That

---

[2] *Polk v. State Bar of Nevada*, 2025 WL 659353 (D. Nev. Feb. 28, 2025), though not binding on this Court, is distinguishable. In that case, the District of Nevada concluded that an attorney seeking admission to practice in Nevada had standing to sue because he had alleged futility of complying with the Nevada admission rule barring his licensure. *Id.* at *4–5. Here, Plaintiff has not alleged futility.

ORDER - 6

"injury is the anticipated enforcement of the challenged statute in the future," *Peace Ranch, LLC v. Bonta*, 93 F.4th 482, 487 (9th Cir. 2024), but Plaintiff alleges no threatened enforcement action or any law that might be enforced against him. Any eventual recommendation by the WSBA Defendants to deny his admission is not at all like the enforcement of a statute.

Thus, the Court must dismiss this matter for lack of subject matter jurisdiction.[3]

C.      Leave to Amend

Federal Rule of Civil Procedure 15 states that "[t]he court should freely give leave [to amend] when justice so requires," and there is a strong public policy in favor of permitting amendment. Fed R. Civ. P. 15(a); *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). The Ninth Circuit has even said that Rule 15(a) should be applied with "extreme liberality."

---

[3] Assuming there was subject matter jurisdiction, the Court would likely dismiss this matter based on immunity. Generally, the Eleventh Amendment bars suits by individuals against states against their waiver or consent without an act of Congress abrogating that immunity. *See Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 54–55 (1996). Washington state has not waived its Eleventh Amendment immunity. *Hagos v. Washington State Dep't of Corr.*, 2024 WL 1417759, at *1 (W.D. Wash. Mar. 12, 2024), *report and recommendation adopted*, 2024 WL 1410633 (W.D. Wash. Apr. 2, 2024) (citing *Whiteside v. State of Wash.*, 534 F. Supp. 774, 778 (E.D. Wash. 1982), RCW 4.92.010). The state Supreme Court and the state's bar association are both considered arms of the state and thus enjoy that immunity. *See Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) (Superior Court of California is the State for purposes of the Eleventh Amendment); *Ginter v. State Bar of Nev.*, 625 F.2d 829, 830 (9th Cir. 1980) ("[T]he Nevada State Bar Association, as an arm of the state, is not subject to suit under the Eleventh Amendment."). Plaintiff says that the Eleventh Amendment "does not extend to prospective, non-monetary injunctive or declaratory relief against state officials." Dkt. # 1 ¶ 268 (citing *Quern v. Jordan*, 440 U.S. 332, 337 (1979)). But the WSBA as an organization is not a state official but an arm of the state itself. Also, he seeks relief against individual WSBA officers named in the complaint solely in their official capacity. "[A] suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984).

Likewise, Plaintiff's request for a federal monitor to oversee Washington's admission practices is likely foreclosed by abstention doctrines. The "[f]ederal courts may not entertain actions that seek to impose 'an ongoing federal audit of state . . . proceedings.'" *E.T. v. Cantil-Sakauye*, 682 F.3d 1121, 1123 (9th Cir. 2012) (ellipsis in original) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 500 (1974)). Under the related *O'Shea* and *Younger* abstention doctrines, federal courts generally cannot "grant relief that would entail heavy federal interference in such sensitive state activities as administration of the judicial system." *Los Angeles Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 703 (9th Cir. 1992) (citing *O'Shea*, 414 U.S. 488, *inter alia*). Bar admission is certainly an element of the "administration of the judicial system." And an order from this Court imposing a federal monitor would appear to involve "an ongoing federal audit" of a state judicial process against in contravention of the abstention doctrines.

ORDER - 7

*Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam). And it has said that leave to amend "should be granted more liberally to pro se plaintiffs." *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004). The Ninth Circuit has recently said, even if a complaint is deficient, "we have repeatedly held that 'a district court should grant leave to amend *even if no request to amend the pleading was made*, unless it determines that the pleading could not be cured by the allegation of other facts.'" *Bacon v. Woodward*, 104 F.4th 744, 753 (9th Cir. 2024) (citations omitted). Thus, the Court grants Plaintiff leave to amend him complaint.

## IV

### CONCLUSION

For these reasons, the Court GRANTS Defendants' motions to dismiss (Dkt. ## 21 & 23) and DISMISSES the Complaint (Dkt. # 1) without prejudice. The Court GRANTS Plaintiff leave to file an amended complaint, which may be filed on or before June 8, 2026.

Dated this 18th day of May, 2026.

John H. Chun
John H. Chun
United States District Judge

ORDER - 8