**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| MICHAEL KAISER, | NO. 2:26-cv-00114-JHC |
| Plaintiff, | ORDER |
| v. | |
| WASHINGTON STATE SUPREME COURT, et al., | |
| Defendants. | |

Before the Court is pro se Plaintiff's "Motion for Reconsideration." Dkt. # 36. In the motion, Plaintiff says that the undersigned judge "should have recused himself" and requests reassignment of the case. Thus, the Court construes the motion as one for recusal.

Under the local rules, "[w]henever a motion to recuse directed at a judge of this court . . ., the challenged judge will review the motion papers and decide whether to recuse voluntarily." LCR 3(f). "If the challenged judge decides not to voluntarily recuse, he or she will direct the clerk to refer the motion to the chief judge." *Id.*

A judge of the United States must recuse from any proceeding in which their "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Federal judges must also disqualify themselves when they have "a financial interest in the subject matter in controversy

ORDER
NO. 2:26-cv-00114-JHC

1

or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." *Id.* § 455(b)(4).  But a judge is not disqualified by a "prior adverse ruling" in the case, "a litigant's suit or threatened suit against [the judge]," "a litigant's intemperate and scurrilous attacks [against the judge]," or any other factors that do not speak to the issue of the judge's impartiality.  *See United States v. Studley*, 783 F.2d 934, 939-40 (9th Cir. 1986) (collecting cases).

Here, Plaintiff has presented no cognizable legal basis for recusal or reassignment.  To the extent Plaintiff takes issue with the Court's prior rulings, that is not a basis for recusal.  Nor does the fact that former Governor Jay Inslee appointed the undersigned judge to the state bench provide a basis to reasonably question the judge's impartiality.  And Plaintiff does not show that the undersigned has a cognizable interest that could be substantially affected by the outcome of the proceeding.

Accordingly, the Court DENIES Plaintiff's request for recusal and reassignment and DIRECTS the Clerk to refer this matter to Chief Judge David Estudillo for further review.

DATED this18th day of May, 2026.

JOHN H. CHUN
United States District Judge

ORDER                    2
NO. 2:26-cv-00114-JHC