UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL J. KAISER, | CASE NO. 2:26-cv-00114-JHC |
| Plaintiff, | ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 37) |
| v. | |
| WASHINGTON STATE SUPREME COURT et al., | |
| Defendants. | |

This matter comes before the Court on the Honorable Judge John Chun's denial (Dkt. No. 37) of Plaintiff's motion for his recusal (Dkt. No. 36).  Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse themself from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, they "will direct the clerk to refer the motion to the chief judge."  Accordingly, this Court now reviews Judge Chun's decision not to recuse.

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455.  Recusal is required if a judge's impartiality might reasonably be questioned or if the judge harbors personal

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 37) - 1

bias or prejudice against a party.  28 U.S.C. § 455(a), (b)(1).  Such bias or prejudice must derive from an extrajudicial source.  *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, No. 18-16553, 2022 WL 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984).  Under both 28 U.S.C. § 144 and § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993).  This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact.  *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992).

Though difficult to understand, Plaintiff asserts his complaint alleged there are "structural and [] other strains of corruption in the Washington legal regulatory apparatus, including judges receiving appointments to state benches through intentional circumvention" of the Washington constitution.  (Dkt. No. 36 at 4.)  Plaintiff asserts Judge Chun should recuse from his case in part because Judge Chun previously was twice appointed to a Washington State court.  (*Id*. at 5.)

It also appears that Judge Chun's orders striking Plaintiff's motion to move the date of the hearing on the motion to dismiss and subsequently dismissing his complaint with leave to amend are other motivating factors underlaying Plaintiff's motion to recuse.  However, adverse rulings cannot serve as the basis for a recusal motion.  *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) ("alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal"); *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983) ("Adverse rulings do not constitute the requisite bias."); *see also Liteky v. United States*, 510 U.S. 540, 556 (1994) (a judge's "ordinary efforts at courtroom administration" do not constitute bias or partiality).  Thus, Plaintiff's disagreement with Judge Chun's rulings fail to establish evidence of bias.

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 37) - 2

As for Plaintiff's theory that Judge Chun should recuse because he was previously appointed a state court judge, the Court finds a reasonable person with knowledge of all the facts would not conclude Judge Chun's impartiality might reasonably be questioned. Furthermore, Plaintiff identifies no facts to support the conclusion that Judge Chun harbors any personal bias or prejudice. "A party cannot manufacture grounds for recusal by fantastic allegations, by vague accusations or by alleging in conclusory terms that a judge is biased, by filing an ethics complaint against a judge, or even by suing a judge." *Royer v. Pennsylvania State Univ.*, No. 03:00-CV-290-KRG-KAP, 2012 WL 956422, at *1 (W.D. Pa. Feb. 28, 2012), *report and recommendation adopted*, 2012 WL 954710 (W.D. Pa. Mar. 20, 2012) (internal citation omitted).

The Court finds Plaintiff provides no evidence that would lead a reasonable person to question Judge Chun's impartiality. Accordingly, the Court AFFIRMS Judge Chun's denial (Dkt. No. 37) of Plaintiff's motion for recusal (Dkt. No. 36).

Separately, Plaintiff filed a "motion to remove the case and stay deadlines." (*See* Dkt. No. 38.) Though Plaintiff states the motion "is addressed to both Chief Judge David G[.] Estudillo and Judge John H. Chun" (*id.* at 2), the undersigned's role is limited to reviewing Judge Chun's recusal denial only. Accordingly, the undersigned leaves any additional issues raised in the motion for Judge Chun's consideration.

Lastly, out of an abundance of caution, the undersigned will refer this order to Judge Tana Lin for review pursuant to LCR 3(f). Plaintiff states, "Chief Judge David G. Estudill[o] is a one-time beneficiary of former Governor Inslee." (Dkt. No. 38 at 6.) The undersigned presumes Plaintiff asserts the undersigned also is biased and should recuse considering the arguments

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 37) - 3

Plaintiff raises against Judge Chun.  The undersigned declines to recuse for the same reasons the Court has concluded there is no basis supporting the request for Judge Chun to recuse.

The Clerk is directed to refer this order for review to Judge Lin.

Dated this 1st day of June, 2026.

David G. Estudillo
United States District Judge

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 37) - 4